# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Cielo Jean Gibson,<br><br>           Plaintiff,<br>     v.<br><br>Midrad, LLC d/b/a Silk a/k/a Silks Exotic Madison a/k/a Silk Exotic Gentlemen's Club,<br><br>           Defendant. | Case No. 3:19-cv-712<br><br>**COMPLAINT FOR:**<br><br>(1)  Violations of the Lanham Act, False Endorsement / Unfair Competition / False Advertising, 15 U.S.C. § 1125(a);<br>(2)  Tortious Appropriation under Wisconsin Common Law;<br>(3)  Statutory Invasion of Right of Privacy, Wis. Stat. Ann. § 995.50<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Cielo Jean Gibson ("Plaintiff"), by and through their undersigned attorneys, for their Complaint, set forth and allege against Midrad, LLC ("Defendant") doing business as Silks and also known as Silks Exotic Madison and Silk Exotic Gentlemen's Club, as set forth below:

## INTRODUCTION

1.     This case is about a strip club's unauthorized use of professional model and actress's image and likeness in advertisements, including advertisements published on Defendant's website, to promote the strip club's business interests in violation of the model's rights under federal and state law and for which the model is entitled to compensation, damages, and other relief.

1

## PARTIES

### A.   Plaintiff

2.     Plaintiff Cielo Jean Gibson ("Gibson") is, and at all times relevant to this action was, a professional model and actress, and is a resident of California.

### B.   Defendant

3.     Defendant Midrad, LLC ("Defendant"), doing business as Silks and also known as Silks Exotic Madison and Silk Exotic Gentlemen's Club, is a limited liability company existing under the laws of the State of Wisconsin with a principal office address listed by the Wisconsin Department of Financial Institutions as 7302 US Highway 14, Middleton, Wisconsin 53562.

4.     Defendant's registered agent listed by the Wisconsin Department of Financial Institutions is Kyle Zubke, and its registered agent's office address is 7302 US Highway 14, Middleton, Wisconsin 53562.

5.     The identity and citizenship of each of Defendant's members is unknown to Plaintiff at this time.

6.     Defendant is the owner and operator of Silks, also known as Silks Exotic Madison and Silk Exotic Gentlemen's Club, (the "Club"), which is a strip club, located at 7302 US Highway 14, Middleton, Dane County, Wisconsin 53562.

7.     Defendant holds a Class B Combination Fermented Malt Beverage and Intoxicating Liquor License and Dance Hall License with conditions for the Club.

## JURISDICTION AND VENUE

8.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

9.     In the alternative, and only if federal question jurisdiction becomes inapplicable in this action, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff, a citizen of California, and Defendant, a citizen of Wisconsin, and the amount in controversy between Plaintiff and Defendant exclusive of interest and costs but inclusive of the value of injunctive relief exceeds the sum or value $75,000.

10.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**A.     A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

11.   Plaintiff is, and at all times mentioned herein was, a professional model and actress who earns a living by commercializing their identity, image, and likeness for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies, and by further developing their own advertising ideas containing their identity, image, and likeness in carefully cultivated, managed, and maintained social media platforms that Plaintiff vigorously defends from unauthorized third-party exploitation or usage.

12.   A model's reputation directly impacts the commercial value associated with the use of their image, likeness, or identity to promote a product or service.

13.   As such, a model has the right to control the commercial exploitation of their name, photograph, and likeness.

14.   Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling and/or acting industries.

15.   Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of their image or likeness.

16.    Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation they have built.

17.    Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

18.    Unauthorized use of Plaintiff's image or likeness can diminish the goodwill and reputation Plaintiff has built and the amount of compensation Plaintiff can command for the licensed or authorized use of Plaintiff's image and likeness or for Plaintiff's advertising ideas containing Plaintiff's image and likeness.

**B.    Defendant Used Plaintiff's Image and Likeness to Promote Defendant's Business Interests without Plaintiff's Authorization or Consent**

19.    Defendant owned, operated, and/or controlled various social media accounts, as well as a website www.silkmadison.com, through which Defendant promoted, endorsed, and marketed the Club, solicited customers for the Club, and advertised events for the Club.

20.    Defendant has, and at all times mentioned herein had, control over the contents of its website and social media accounts relating to the Club.

21.    Defendant is responsible for the contents of its website and social media accounts published by or on behalf of Defendant.

22.     Defendant misappropriated Plaintiff's image and likeness without consent in advertising materials produced and published to market and promote the Club.

23.     Defendant used its website and social media accounts to advertise and promote the Club.

24.     The list below provides an example of Defendant's unauthorized use of Plaintiff's image and likeness in advertising the Club, promoting the Club, implying endorsement of the Club, and soliciting customers for the Club on Defendant's website:

| *Plaintiff* | *Date* | *Hyperlink* |
|---|---|---|
| Gibson | N/A | www.silkmadison.com homepage, http://www.silkmadison.com/specials/ page, and http://www.silkmadison.com/wp-content/uploads/2016/03/Silk-Madison-Thur.jpg |
|  |  |  |

25.     The hyperlinks listed above are "live," and if clicked on link to an advertisement for the Club containing an unauthorized usage of the image and likeness of Plaintiff.

26.     Defendant's use of Plaintiff's image and likeness was for Defendant's commercial benefit.

27.    Defendant used the advertisement containing Plaintiff's image to drive traffic to the Club and increase revenue.

28.    Defendant's use of the Plaintiff's image in Defendant's advertisements on Defendant's website falsely suggests Plaintiff's sponsorship of, affiliation with, endorsement of, or participation in the Club.

29.    Defendant's unauthorized use of Plaintiff's images and likenesses is knowing, willful, and intentional.

**C.    Defendant's Unauthorized Usages of Plaintiff's Image and Likenesses Harmed and Damaged Plaintiff**

30.    As noted above, Plaintiff Gibson is a professional model and actress.

31.    In prior instances of authorized commercial marketing, use, and promotion of Plaintiff's image, likeness, or identity by third parties, Plaintiff negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

32.    Defendant never hired or contracted with Plaintiff to advertise, promote, market, endorse, or participate in the Club.

33.    In the image and advertisement used by Defendant to promote the Club and advertise the Club, Plaintiff is readily identifiable in that persons seeing the image with the naked eye can reasonably determine that the person is Plaintiff Gibson.

34.     Defendant's misappropriation of Plaintiff's image was for the purpose of advertising or soliciting patronage for the Club.

35.     Defendant never sought Plaintiff's permission, nor did Plaintiff give Defendant permission, to use any of Plaintiff's images to advertise and promote the Club, or for any other purpose.

36.     Defendant never compensated Plaintiff for any use of Plaintiff's images or likenesses.

37.     Defendant had actual knowledge that it was using Plaintiff's image without compensation or consent, and thus, Defendant knowingly misappropriated Plaintiff's image and identity in total disregard of Plaintiff's rights.

38.     As a direct and proximate result of Defendant's exploitation of Plaintiff's image and identity, Defendant made profits or gross revenues in an amount to be established at trial.

39.     Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiff's image and likeness for commercial purposes, as Plaintiff has been deprived of the fair market value they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to Defendant – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

40.     Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use causes Plaintiff to lose Plaintiff's exclusive right to control the commercial exploitation of Plaintiff's name, photograph, image, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

41.     Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiff could otherwise obtain in commercializing Plaintiff's name, photograph, image, and likeness, or Plaintiff's advertising ideas containing Plaintiff's photograph, image, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by
### False Endorsement, Unfair Competition, and/or False Advertising

42.     Plaintiff re-states and re-alleges paragraphs 1 through 41 above and incorporates the same be reference as though fully set forth herein.

43.     The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

44.     Based on the facts alleged herein, Defendant is liable to Plaintiff for false endorsement, unfair competition, and/or false advertising violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

45.     Plaintiff, through their careers in modeling, advertising, and acting, has attained a degree of fame and celebrity.

46.     Plaintiff enjoys a substantial social media following and has appeared in numerous publications, shows, productions, and paid appearances.

47.     Plaintiff earns their living by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

48.     Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, and identity.

49.     Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, and identity.

50.     Prior to authorizing the use of their image, likeness, or identity, Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

51.     Without consent, Defendant placed Plaintiff's image and likeness on or in an advertisement promoting the Club.

52.     In Defendant's advertisement that contains Plaintiff's image and likeness, Plaintiff is depicted and reasonably identifiable.

53.     Defendant misappropriated Plaintiff's image and likeness in Defendant's advertisement for the Club in order to create the false impression that Plaintiff was somehow affiliated with, endorsed, promoted, agreed to advertise, or otherwise participated in the Club.

54.     Defendant never sought Plaintiff's consent to use Plaintiff's image or likeness.

55.     Plaintiff has never been employed by, danced at, or affiliated themselves in any way with the Club or Defendant.

56.     Plaintiff would not agree to allow their image or likeness to be used to promote the Club and would not and does not endorse the Club.

57.     Defendant, at all times mentioned herein, knew or should have known that they had no right to use Plaintiff's image or likeness to promote or advertise the Club.

58.     Defendant placed the misappropriated images on the very same marketing channels (including the internet) used by Plaintiff to promote themselves.

59.     Defendant's misappropriation of Plaintiff's image is likely to cause confusion as to Plaintiff's affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

60.     Defendant's misappropriation has caused actual confusion among consumers as to Plaintiff's affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

61.     Defendant's unauthorized use of Plaintiff's image or likeness in advertisements for the Club constitutes false endorsement, unfair competition, and/or false advertising in violation of the Lanham Act.

62.     Defendant knew or should have known that obtaining the right to use Plaintiff's image and likeness would have required consent and substantial compensation.

63.     Defendant's unauthorized use of Plaintiff's image and likeness, without seeking their consent, constitutes willful and deliberate conduct.

64.     As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiff was affiliated with, performed at, endorsed, or otherwise promoted the Club.

65.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

66.     As direct and proximate result of Defendant's actions as described herein, Plaintiff suffered actual damages including but not limited to being deprived of the fair market value of the unauthorized usages by Defendant of Plaintiff's image and likeness and harm to Plaintiff's goodwill and reputation, all in an amount to be established at trial.

67.     Based on the foregoing, Plaintiff demands judgment against Defendant and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT II
## Tortious Appropriation under Wisconsin Common Law

68.     Plaintiff re-states and re-alleges paragraphs 1 through 41 above and incorporates the same be reference as though fully set forth herein.

69.     Wisconsin common law protects the property rights in the publicity value of aspects of a person's identity, protects the right of a person to be compensated for the use of their identity for advertising purposes or purposes of

trade, and recognizes a cause of action to protect against unauthorized use of a person's identity for advertising purposes or purposes of trade. *See Hirsch v. S. C. Johnson & Son, Inc.*, 90 Wis. 2d 379, 383-391, 280 N.W.2d 129, 130-34 (1979).

70.    A person's image and likeness are a part of a person's identity.

71.    Defendant's use of Plaintiff's image and likeness did not occur in connection with the dissemination of news and was without a redeeming public interest or historical value.

72.    Defendant used Plaintiff's images and likenesses for advertising purposes, specifically, to promote and advertise the Club.

73.    Defendant used Plaintiff's image and likeness for the purposes of trade, specifically, for the purposes of advertising or promoting the Club to increase Defendant's profits.

74.    Defendant's use of Plaintiff's images and likeness deprives Plaintiff of the right to control the commercial exploitation of Plaintiff's identity.

75.    Defendant never obtained Plaintiff's consent for Defendant's use of Plaintiff's image and likeness.

76.    Defendant never compensated Plaintiff for Defendant's use of Plaintiff's image and likeness.

77.    Defendant's use of Plaintiff's image and identity was willful and deliberate.

78.     Defendant exploited Plaintiff's identity for Defendant's own commercial benefit.

79.     Defendant engaged in the tortious appropriation of Plaintiff's identity through the acts set forth above and herein.

80.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

81.     As direct and proximate result of Defendant's actions as described herein, Plaintiff suffered actual damages including but not limited to being deprived of the fair market value of the unauthorized use by Defendant of Plaintiff's image and likeness and harm to Plaintiff's goodwill and reputation, all in an amount to be established at trial.

82.     Based on the foregoing, Plaintiff demands judgment against Defendant and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT III
### Violations of the Wisconsin Statute § 995.50
### Statutory Invasion of Right of Privacy

83.     Plaintiff re-states and re-alleges paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

84.     Wisconsin Statutes § 995.50 provides in part as follows:

(1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief:

    (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media;

    (b) Compensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and

    (c) A reasonable amount for attorney fees.

(2) In this section, "invasion of privacy" means any of the following: . . .

    (a) […]

    (b) The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian. . . .

85.    Plaintiff is a living person.

86.    Defendant used Plaintiff's portrait or picture for advertising purposes or for purposes of trade.

87.    Specifically, Defendant used Plaintiff's image and likeness in an advertisement for the Club posted by or on behalf of Defendant on Defendant's website so that Defendant could profit from patronage of the Club as described in detail herein.

88.     Defendant's use of Plaintiff's image and likeness did not occur in connection with the dissemination of news and was without a redeeming public interest or historical value.

89.     There is a substantial connection between Defendant's use of Plaintiff's images in Defendant's advertisements for the Club and Defendant's commercial purpose as Plaintiff's images can be perceived as that of an attractive woman and Defendant owns and operates a strip club that solicits patronage by claiming persons that can be perceived as attractive women will be stripping there.

90.     Defendant did not first obtain, nor has Defendant ever obtained, the written consent of Plaintiff to use Plaintiff's portrait, picture, image, or likeness for any purpose, including but not limited to for advertising purposes or for purposes of trade.

91.     Defendant invaded Plaintiff's statutory rights of privacy through the acts set forth above and herein.

92.     As a direct and proximate result of Defendant's actions as described herein, Defendants enjoyed increased revenues and profits.

93.     As direct and proximate result of Defendant's actions as described herein, Plaintiff suffered actual damages including but not limited to being deprived of the fair market value of the unauthorized use by Defendant of

Plaintiff's image and likeness and harm to Plaintiff's goodwill and reputation, all in an amount to be established at trial.

94.     Based on the foregoing, Plaintiff demands judgment against Defendant and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant on each of the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing, and unpaid to Plaintiff representing the fair market value for Defendant's unauthorized use of Plaintiff's image and likeness in advertisements for the Club;

3. For trebling of damages as permitted by law;

4. For punitive damages in an amount to be proven at trial as permitted by law or equity;

5. For prejudgment interest in an amount permitted by law;

6. For disgorgement of Defendant's profits;

7.   For a permanent injunction barring Defendant's unauthorized use of Plaintiff's image or likeness in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to not use Plaintiff's image and likeness on Defendant's website, social media accounts, or in any other form of advertising for the Club;

8.   For costs of this lawsuit;

9.   For reasonable attorneys' fees; and

10.   For all such other and further relief as to this Court seem just, proper and equitable.

## <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury as to all issues so triable in the above matter.

Date: August 30, 2019                  Respectfully submitted,

ARONOWITZ LAW FIRM PLLC

s/ Edmund S. Aronowitz
Edmund S. Aronowitz, State of Michigan
Bar # P81474
*Attorney for Plaintiff*
**ARONOWITZ LAW FIRM PLLC**
2609 Crooks Road #290
Troy, Michigan 48084
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
edmund@aronowitzlawfirm.com

Paul K. Schwartz, State of Wisconsin Bar
#1003357
*Attorney for Plaintiff*
**HARRIS AND SCHWARTZ, LLC**
8989 N. Port Washington Road, Suite 201
Milwaukee, Wisconsin 53217
Telephone: (414) 755-8446
Facsimile: (414) 269-0900
paul@harrisandschwartz.com